AO 106 (Rev. 04/10)  Application for a Search Warrant



# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Virginia

AUG 1 5 2023

CLERK, U.S. DISTRICT COURT
RICHMOND, VA

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. 3:23-sw-137
)
FIVE ELECTRONIC DEVICES LOCATED AT 400 N 8TH )
ST, RICHMOND, VA 23219 )
)

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A.

located in the _____ Eastern _____ District of _____ Virginia _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 2252 | Sexual Exploitation of Minors |
| 18 U.S.C. § 2252A | Child Pornography |
| 18 U.S.C. § 2251 | Sexual Exploitation of Children |

The application is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Reviewed by AUSA/SAUSA:*

Shea Gibbons, AUSA                                    *Applicant's signature*
*Printed name and title*
                                                      Daniel Leary, Special Agent, HSI
                                                      *Printed name and title*

Sworn to before me and signed in my presence.

Date: August 15, 2023                                 /s/ ___
                                                      *Judge's signature*

City and state:  Richmond, Virginia                   Honorable Summer L. Speight, Magistrate Judge
                                                      *Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF FIVE ELECTRONIC DEVICES LOCATED AT 400 N 8TH ST, RICHMOND, VA 23219. | Case No. 3:23-sw- 137 |

**AFFIDAVIT IN SUPPORT OF
AN APPLICATION FOR A SEARCH WARRANT**

I, Daniel Leary, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1.      I make this affidavit in support of an application under Rule 41 of the Federal

Rules of Criminal Procedure for a search warrant authorizing the examination of property—five

electronic devices further described in Attachment A—currently in law enforcement possession,

and the extraction from that property of electronically stored information described in

Attachment B.

2.      Your affiant is a law enforcement officer within the meaning of Title 18, United

States Code, Section 2510(7), that is an officer of the United States who is empowered by law to

conduct investigations of, and to make arrests for, offenses enumerated in Title 18, United States

Code, Section 2516. I am a Special Agent (SA) with the Richmond, Virginia, office of the

Department of Homeland Security (DHS) Immigration and Customs Enforcement (ICE)

Homeland Security Investigations (HSI) and have been employed as a Special Agent since July

2003. I am currently a member of the Richmond Division Child Exploitation Task Force and

have been since March 2018. I have participated in investigations involving sexual assaults,

1

pedophiles, persons who produce, collect, and distribute child pornography, and the importation and distribution of materials relating to the sexual exploitation of children. I have received training in the areas of sexual assaults and child exploitation, and I have reviewed images and videos of child pornography in a wide variety of media forms, including computer media. I have also discussed and reviewed these materials with other law enforcement officers.

3.      In the course of my employment as a sworn law enforcement officer, I have participated in the execution of numerous search warrants resulting in the seizure of computers, magnetic storage media for computers, other electronic media, and other items evidencing violations of state and federal laws, including various sections of the United States Code involving child exploitation offenses.

4.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.  The facts, as set forth in this affidavit, show there is probable cause to search the devices described in Attachment A for evidence, fruits, and instrumentalities of violations of 18 U.S.C. §§ 2252 and 2252A (sexual exploitation of minors and child pornography), as well as 18 U.S.C. § 2251 (enticing or coercing a minor to engage in sexually explicit conduct for the purpose of producing visual depictions) (collectively, the "SUBJECT OFFENSES"), that have been committed by Shane Johnston, and that such evidence will be located following that search, including evidence identifying potential victims, and evidence regarding potential conspirators and facilitators of the crimes, further described in Attachment B.

2

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

5.     The property to be searched is: one Samsung Galaxy cell phone bearing an IMEI of 353158262393266, one Alienware P48E Laptop, one Lenovo Desktop Computer, one HP Pavilion dv7 Laptop, and one Dell Inspiron 15 Laptop (hereinafter the SUBJECT DEVICES).

6.     On August 1, 2023, HSI engaged in a consensual encounter at Shane Johnston's residence, and Shane Johnston frankly admitted to trading child pornography, also known as child sexual abuse material (CSAM), and attempting to coerce minors to create and provide CSAM pictures of themselves to Johnston. Johnston provided the Samsung Galaxy, Alienware Laptop, and Lenovo Desktop Computer at the time of the August 1 consensual encounter. The HP Pavilion and Dell Inspiron Laptops were provided 2 days later, as they were located after the consensual encounter occurred.

7.     The SUBJECT DEVICES were seized from Shane Johnston, transported to, and currently stored at the Homeland Security Investigations (HSI) Richmond office, located at 400 N 8th Street, Richmond, VA 23219.

8.     The applied-for warrant would authorize the forensic examination of the SUBJECT DEVICES for the purpose of identifying electronically stored data particularly described in Attachment B.

## TECHNICAL TERMS

9.     Based on my training and experience, I use the following technical terms to convey the following meanings:

      a.  **Wireless telephone:** A wireless telephone (or mobile telephone, or cellular telephone) is a handheld wireless device used for voice and data communication

through radio signals. These telephones send signals through networks of transmitter/receivers, enabling communication with other wireless telephones or traditional "land line" telephones. A wireless telephone usually contains a "call log," which records the telephone number, date, and time of calls made to and from the phone. In addition to enabling voice communications, wireless telephones offer a broad range of capabilities. These capabilities include: storing names and phone numbers in electronic "address books;" sending, receiving, and storing text messages and e-mail; taking, sending, receiving, and storing still photographs and moving video; storing and playing back audio files; storing dates, appointments, and other information on personal calendars; and accessing and downloading information from the internet. Wireless telephones may also include global positioning system ("GPS") technology for determining the location of the device.

b. **Computer:** As defined pursuant to 18 U.S.C. § 1030(e)(1) is "an electronic, magnetic, optical, electrochemical, or other high-speed data processing device performing logical or storage functions, and including any data storage facility or communications facility directly related to or operating in conjunction with such device."

c. **IP Address:** An Internet Protocol address (or simply "IP address") is a unique numeric address used by computers on the internet. An IP address is a series of four numbers, each in the range 0-255, separated by periods (e.g., 121.56.97.178). Every computer attached to the internet must be assigned an IP address so that

4

internet traffic sent from and directed to that computer may be directed properly

from its source to its destination.  Most internet service providers control a range

of IP addresses.  Some computers have static—that is, long-term—IP addresses,

while other computers have dynamic—that is, frequently changed—IP addresses.

    d.  **Internet**: The internet is a global network of computers and other electronic

devices that communicate with each other.  Due to the structure of the internet,

connections between devices on the internet often cross state and international

borders, even when the devices communicating with each other are in the same

state.

10.    Based on my training, experience, and research, I know that the SUBJECT

DEVICES have capabilities that allow it to access the internet and serve as a smartphone.

## PROBABLE CAUSE

11.    In July 2023, Homeland Security Investigations (HSI) Richmond received

information from HSI Toronto concerning an 11-year-old female that had an encounter online

through the Discord social media app.  The minor female was engaged in a sexually explicit chat

with someone using the Discord display name FairyHunter,[1] and FairyHunter asked her to

provide sexually explicit pictures.  The user of the FairyHunter account represented

himself/herself as an 11-year-old female, but Canadian law enforcement believed the user to be

an adult due to the nature of the conversation.

12.    HSI Toronto submitted a subpoena to Discord for the subscriber information of

---

1 The Discord display name was FairyHunter, and the actual username was FairyHunter#8292.
The display name is how a user would primarily appear across Discord, or a user's most
prominent form of identity on Discord.  This affidavit will reference the account using the
display name FairyHunter.

the FairyHunter account. Discord provided the subscriber telephone number as 720-477-9706. HSI Toronto submitted a subpoena to T-Mobile for account information for the 720-477-9706 telephone number. The subscriber for the T-Mobile account returned to Shane Johnston in Byers, Colorado. Investigators determined that Shane Johnston and his family, had moved to 11916 Big Ben Blvd, Fredericksburg, Virginia 22407 in late May 2023.

13.     On August 1, 2023, HSI Richmond Special Agents (SAs) and Spotsylvania County Sheriff Office Deputies conducted a consensual encounter at 11916 Big Ben Blvd, Fredericksburg, VA 22407. At approximately 11:00 am, SA Leary knocked on the door of the residence and Brandi Johnston answered. Brandi Johnston is the sister of Shane Johnston. SA Leary asked if Shane Johnston was at home and Brandi said he was. SA Leary asked if the agents could step in, and Brandi Johnston invited them into the foyer. Shane Johnston entered the foyer and SA Leary asked if he could speak with Shane Johnston and Johnston agreed. SA Leary asked if they could speak somewhere more private and indicated the front porch of the residence as a possibility.

14.     SA Leary, SA Ardrey, and Shane Johnston stepped outside onto the front porch. Johnston had a seat on the patio furniture. Johnston's demeanor was very cooperative, friendly, and matter of fact. Johnston said he knew this day would come and seemed relieved to be able to tell someone about his CSAM-related activities. Johnston wanted to stop viewing CSAM and wanted to seek help from a professional counselor.

15.     Shane Johnston was asked about his Discord account and stated that he had an account using the name FairyHunter. Johnston stated that account had been banned by Discord because of "child pornography." Johnston admitted to CSAM being present on his current

6

cellular telephone, which is the Samsung Galaxy listed in the SUBJECT DEVICES list. Johnston said that he currently had 34 videos and 9 screenshots saved on the device, and provided his telephone number as 720-477-9706. He also provided the passcode to his cell phone.

16.     Shane Johnston admitted that he used social media platforms, like Discord, to engage with minor females to chat with them. He also stated that he used Instagram, Telegram, and TikTok to identify and chat with minor females and adult males. Johnston posed as an 11-year-old female to befriend other minor females and coerce them to create and provide him with CSAM pictures of themselves. Johnston also said that adult males would provide him with CSAM if they believed he was an 11-year-old girl.

17.     Johnston assisted SA Leary with unlocking the cell phone and directed SA Leary to the phone's gallery where SA Leary viewed the CSAM saved on the device.

18.     Johnston was asked about other computers or devices he had access to that would be able to access the social media apps and websites. He stated that he had a desktop and a laptop in his room. These devices were identified as the Alienware Laptop and the Lenovo Desktop Computer from the SUBJECT DEVICES list. Johnston said that the Lenovo desktop may contain CSAM, but he did not think the Alienware Laptop contained CSAM. In a later conversation, Johnston stated that the Alienware Laptop did contain the Telegram and Discord apps that he used to trade CSAM, but he did not download CSAM to the device.

19.     Johnston provided HSI with consent to search the Samsung Galaxy, Alienware Laptop, and Lenovo Desktop Computer. Johnston provided HSI with consent to take over his social media accounts, to include Instagram, Telegram, TikTok, and Discord.

20.     The residence was owned by Brandi Johnston, and after SA Leary had spoken with Brandi Johnston, she asked Shane Johnston to move out and he complied.

21.     On August 2, 2023, Brandi Johnston contacted SA Leary and informed him that 2 additional computers had been located in Shane Johnston's living quarters.  She provided those computers to SA Leary on August 3, 2023.  The computers are identified as the HP Pavilion Laptop and the Dell Inspiron Laptop from the SUBJECT DEVICES list.

22.     After receiving the devices, SA Leary contacted Shane Johnston, who agreed to meet with SA Leary and SA Ardrey.  The three met in a nearby parking lot and SA Leary showed the laptops to Shane Johnston, who identified them.  Johnston said that the HP Pavilion Laptop belonged to him, "probably" contained CSAM, and provided potential passcodes. Johnston said that the Dell Laptop had belonged to his friend "Jay" but did not work and Jay gave it to him to see if it could be fixed.

23.     Johnston provided HSI with consent to search the HP Pavilion and the Dell Laptop.

24.     Your affiant believes that the SUBJECT DEVICES seized from Shane Johnston on August 1, 2023, and August 3, 2023, will contain information relevant to the investigation into the SUBJECT OFFENSES.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

25.     Based on my knowledge, training, and experience, I know that electronic devices can store information for long periods.  Similarly, things that have been viewed via the internet are typically stored for some period of time on the device.  This information can sometimes be recovered with forensic tools.

26.    *Forensic evidence.*  As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the SUBJECT DEVICES were used, the purpose of its use, who used it, and when.  There is probable cause to believe that this forensic electronic evidence might be on the SUBJECT DEVICES because:

   a.  Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file).

   b.  Forensic evidence on a device can also indicate who has used or controlled the device.  This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

   c.  A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

   d.  It is a dynamic process to identify the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion.  Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators.  Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of

knowledge about how a computer behaves.  Therefore, contextual information

necessary to understand other evidence also falls within the scope of the warrant.

e.  Further, in finding evidence of how a device was used, the purpose of its use, who

used it, and when, sometimes it is necessary to establish that a particular thing is

not present on a storage medium.

27.  *Nature of examination.*  Based on the foregoing, and consistent with Rule

41(e)(2)(B), the warrant I am applying for would permit the examination of the SUBJECT

DEVICES consistent with the warrant.  The examination may require authorities to employ

techniques, including but not limited to, computer-assisted scans of the entire medium that might

expose many parts of the SUBJECT DEVICES to human inspection in order to determine

whether it is evidence described by the warrant.

28.  *Manner of execution.*  Because this warrant seeks only permission to examine the

SUBJECT DEVICES that are already in law enforcement's possession, the execution of this

warrant does not involve the physical intrusion onto a premises.  Consequently, I submit there is

reasonable cause for the Court to authorize execution of the warrant at any time in the day or

night.

## **CONCLUSION**

29.     Based on the foregoing, I submit that this affidavit supports probable cause for a

search warrant authorizing the examination of the SUBJECT DEVICES described in Attachment

A to seek the items described in Attachment B.

Respectfully submitted,

Daniel Leary
Special Agent
Homeland Security Investigations

Reviewed and approved by AUSA Shea Gibbons

Subscribed and sworn to before me on August **15**, 2023.

_____
The Honorable Summer L. Speight
United States Magistrate Judge

11

## ATTACHMENT A

*Property to be searched*

The property to be searched is: one Samsung Galaxy cell phone bearing an IMEI of 353158262393266, one Alienware P48E Laptop, Lenovo Desktop Computer, HP Pavilion dv7 Laptop, and one Dell Inspiron 15 Laptop.  This cellular telephone and the computers are referred to as the SUBJECT DEVICES in this affidavit.  The SUBJECT DEVICES are currently secured at the Homeland Security Investigations Richmond's Office, located at 400 N 8th St, Richmond, VA 23219.

This warrant authorizes the forensic examination of the SUBJECT DEVICES for the purpose of identifying the electronically stored information described in Attachment B.

1

## ATTACHMENT B

*Particular things to be seized*

All records on the SUBJECT DEVICES described in Attachment A that relate to violations of 18 U.S.C. §§ 2251, 2252, and 2252A, including the distribution, receipt and possession of child pornography to include the following:

a.      Any and all visual depictions of minors;

b.      Any and all address books, names and lists of names and addresses of minors;

c.      Any and all diaries, notebooks, notes, and other records reflecting physical contacts, whether real or imagined, with minors;

d.      Any and all child erotica, including photographs of children that are not sexually explicit, drawings, sketches, fantasy writings, diaries, and sexual aids;

e.      Records and information relating to peer-to-peer (P2P) programs;

f.      Evidence of who used, owned, or controlled the SUBJECT DEVICES at the time the things described in this warrant were created, edited, or deleted, such as logs, registry entries, configuration files, saved usernames and passwords, documents, browsing history, user profiles, email, email contacts, "chat," instant messaging logs, photographs, and correspondences;

g.      Evidence of software that would allow others to control the SUBJECT DEVICES, such as viruses, Trojan horses, and other forms of malicious software, as well as evidence of the presence or absence of security software designed to detect malicious software;

h.      Evidence of the lack of such malicious software;

1

i.      Evidence of the attachment to the SUBJECT DEVICES of other storage devices or similar containers for electronic evidence;

j.      Evidence of counter-forensic programs (and associated data) that are designed to eliminate data from the SUBJECT DEVICES;

k.      Evidence of the times the SUBJECT DEVICES were used;

l.      Passwords, encryption keys, and other access devices that may be necessary to access the SUBJECT DEVICES;

m.     Records of or information about Internet Protocol addresses used by the SUBJECT DEVICES;

n.      Records of, or information about, the SUBJECT DEVICES' internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any internet search engine, and records of user-typed web addresses;

o.      Contextual information necessary to understand the evidence described in this attachment.

p.      Evidence of user attribution showing who used or owned the SUBJECT DEVICES at the time the things described in this warrant occurred, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history.